IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE KING

      v.                      :   Civil Action No. DKC 25-3898

IMPERIAL BAG COMPANY / S.
FREEDMAN & SON'S, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this union employment case are the motions to dismiss filed by Defendants Imperial Bag Company / S. Freedman & Son's ("Imperial Bag"), (ECF No. 8), and Local 639 Union (the "Union"), (ECF No. 9). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss filed by Imperial Bag will be granted in part and deferred in part, the motion to dismiss filed by the Union will be granted, and Plaintiff will have an opportunity to move for leave to amend.

## I.   Background

*Pro se* Plaintiff Andre King ("Plaintiff") was employed by Imperial Bag[1] from 2022 until his resignation in September 2025.

---

[1] Plaintiff states he was employed by "S. Freedman & Sons," and that there was a "merger with Imperial Bag Company" some time in 2025. (ECF No. 2, at 2-3). In its motion to dismiss, Defendant Imperial Bag clarifies that Imperial Bag and Paper Co. LLC is the parent entity of S. Freedman & Son's. (ECF No. 8-1, at 3 n.1).

(ECF No. 2, at 2).  He alleges that, while there, he was subject to "continued misconduct, harassment, bullying, threat[s] and unprofessional remark[s], unfair treatment, denial of contractual (CBA) rights, [and] hostile work [environment]." (*Id*.).  He states that he repeatedly notified company management but received no assistance "as the main individual had full power of operations J.J. Thompson." (*Id*.).  More specifically, he alleges that he was "denied fair rights, as to routing, seniority, and being singled out."  (*Id*. at 3).  He also alleges "unlawful write-ups by the central figure [J.J.] Thompson."  (*Id*.).

Plaintiff filed multiple grievances with the Union,[2] but it "did not come to aid."  (*Id*. at 2).  He had one meeting with both the Union and J.J. Thompson, which seemed to address some issues but not others: The meeting "did not cover[] the harassment, retaliation, threat[s;] it covered an illegal use of time, and [nonconsensual] use of altering my pay, and denial of bereavement which I was awarded back my time and money."  (*Id*. at 2-3).  He also notes that he would contact his Union Vice President Wayne Settles, who would not reply for days.  (*Id*. at 3).  He alleges that "one of [his] first grievances [was] swept under the rug."

_____

The court will refer to his employer as "Imperial Bag" for ease of reference.

[2] In its motion to dismiss, the Union identifies itself as Teamsters Local Union No. 639.  (ECF No. 9, at 1).

(*Id.*).   On another occasion, he was "called down to the union hall to discuss" an issue with Wayne Settles, who "called for a cease and desist on harassment, and [disparaging] treatment, and retaliation. Nothing, no meeting that was 2 years plus ago." (*Id.*).

Plaintiff alleges that he was "basically forced to resign" due to the emotional distress caused by the situation at work. (*Id.*).  He did not have another job lined up after he left Imperial Bag on September 19, 2025, and was not offered another job through the Union.  (*Id.* at 4).  He states that he filed something with the Equal Employment Opportunity Commission ("EEOC") and had an interview, but the agency "couldn't help [him]."  (*Id.*).

Plaintiff filed a complaint in the Circuit Court for Prince George's County, Maryland on September 17, 2025.  (ECF No. 2, at 2).  On September 22, 2025, Plaintiff filed a document titled "Additional Information," which appears to be a typewritten complaint clarifying his original, handwritten complaint.  (ECF No. 2-1).  This second document identifies two counts.  Count I is brought against Defendant Imperial Bag for "harassment, retaliation, and breach of contract" under the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601, and his employment agreement.  (*Id.* at 3).  Count II is a claim against the Union for breach of duty of fair representation.

(*Id.*).   On October 17, 2025, Plaintiff filed eight exhibits totaling nearly 200 pages and requested that they be attached to his complaint.  (ECF No. 1-6).  Defendant Imperial Bag removed the case to this court on November 26, 2025.  (ECF No. 1).

Defendant Imperial Bag filed a motion to dismiss on December 3, 2025.  (ECF No. 8).  Plaintiff filed an opposition on December 22, 2025, (ECF No. 16), and Imperial Bag replied on January 6, 2026, (ECF No. 17).  Defendant Union filed a motion to dismiss on December 3, 2025, (ECF No. 9), which Plaintiff opposed on December 22, (ECF No. 15).  The Union filed a reply on January 6, 2026, (ECF No. 18).

## II.  Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The court "must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff."  *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 469 (4th Cir. 2025) (citing *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024)).  A complaint must only satisfy Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299–300 (4th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The court may consider documents attached to the complaint on a motion to dismiss, as well as documents integral to the complaint that are attached to the motion to dismiss if there is no dispute about their authenticity. *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023).

Plaintiff is *pro se*. Courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court has an obligation to

construe pleadings of self-represented litigants liberally. *Id*. It is not necessary, however, to "conjure up questions never squarely presented," or to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## III. Analysis

Both Defendants have moved to dismiss. While Plaintiff apparently filed the complaint and associated exhibits in three separate filings in the state court proceedings, the complaint and exhibits were docketed together in this court. (ECF No. 2). Given the leeway extended to *pro se* plaintiffs, the filings will be construed as a supplemented complaint and the exhibits submitted will be considered on this motion to dismiss. *See* Fed.R.Civ.P. 10(c). The complaint consists of a three-page handwritten complaint, (ECF No. 2), a two-page typed complaint accompanied by notes from a conference call, (ECF No. 2-1), and over 200 pages of exhibits, (ECF Nos. 2-3, 2-4, 2-5, 2-6, 2-7, 2-8, 2-9, 2-10, 2-11, 2-12). While the exhibits may relate to Plaintiff's allegations, Plaintiff "has not 'show[n]'. . . 'that [he] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Even with the leeway granted to *pro se* plaintiffs, the complaint is too conclusory to move forward. The court will therefore dismiss the federal claims but give Plaintiff an

opportunity to move for leave to amend his complaint and incorporate more facts supporting his allegations.

### A.    Federal Statutory Claims

Defendant Imperial Bag based its removal on federal question jurisdiction under 28 U.S.C. § 1331, alleging that Plaintiff's claims against Imperial Bag for breach of the collective bargaining agreement arise under § 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  (ECF No. 1, at 3).  The removal notice also asserted that the claim against the Union for breach of the duty of fair representation is similarly pre-empted, but under the National Labor Relations Act ("NLRA").  (*Id*. at 5).

#### 1.    LMRA

Plaintiff did not cite the LMRA directly in his complaint. Nevertheless, the substance of Plaintiff's claim related to breach of contract arises under the LMRA and, even if brought under state law, would be preempted completely by the LMRA.

> It is settled law that any claims that require the interpretation of a collective bargaining agreement ("CBA") are completely pre-empted by § 301 of the LMRA.  Thus, regardless of how a plaintiff may label her claim, it is construed as a claim brought pursuant to § 301 of the LMRA and is properly removed.  *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 559–60[] (1968); *McCormick v. AT&T Techs., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991), *cert. denied*, 502 U.S. 1048[] (1992).

*Taylor v. Giant Food, Inc.*, 438 F.Supp.2d 576, 581 (D.Md. 2006).

7

First, Plaintiff brings a breach of contract claim against Imperial Bag, saying it breached his "employment agreement." (ECF No. 2-1, at 3). Plaintiff does not attach an employment agreement to his complaint, nor does he provide any other facts about one, except that elsewhere he refers to "denial of contractual (CBA) rights." (ECF No. 2, at 2). Notably, his complaint repeatedly states that he sought help from the Union and he does not attempt to distinguish between any violation of the collective bargaining agreement ("CBA") and any violation of another employment agreement. (*Id*. at 2-3). Resolving this claim would require interpretation of the CBA, meaning it is preempted by the LMRA.

Defendants specifically construe the claim against Imperial Bag as a hybrid § 301 claim. The United States Court of Appeals for the Fourth Circuit previously described the purpose and structure of a hybrid § 301 claim:

> Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, allows litigants to bring "[s]uits for violation of contracts between an employer and a labor organization" in federal district court. Usually, an employee who wants to sue his employer for a violation of a collective bargaining agreement must first exhaust the contractual remedies in that agreement. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53[] (1965). "The reasoning behind this rule is simple. Federal labor law policy favors adjustment by the parties of disputes arising under a collective bargaining agreement." *Amburgey v.*

8

> *Consolidation Coal Co.*, 923 F.2d 27, 29 (4th Cir. 1991).
>
> However, in a so-called hybrid § 301 action, an employee may forego exhaustion by showing "both 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement." *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002). A union breaches its duty of fair representation "if its actions are either 'arbitrary, discriminatory, or in bad faith.'" *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67[] (1991) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190[] (1967)).

*Groves v. Commc'n Workers of Am.*, 815 F.3d 177, 178-79 (4th Cir. 2016) (first alteration in original) (footnote omitted). While "the employee need not sue both his employer and his union" in a hybrid § 301 action, the employee must satisfy both prongs even if he is only suing one party. *Id*. at 179 n.*. When deciding such an action, courts first consider whether a plaintiff has plausibly alleged that the union breached its duty of fair representation. *Verbal v. Giant of Md., LLC*, 204 F.Supp.3d 837, 845 (D.Md. 2016) ("[F]ederal courts review allegations against employers for breach of collective bargaining agreements *only* when an employee has first proved that the union representing him breached its duty of fair representation.") (alteration and emphasis in original) (citing *Thompson*, 276 F.3d at 657)).

## 2.    National Labor Relations Act

Second,  Plaintiff  brings  a  breach  of  the  duty  of  fair representation claim against the Union.  In support, he states "[v]iolation of labor law and union obligations under applicable statutes."  (ECF No. 2-1, at 3).  The applicable statute is the NLRA.  *See Taylor*, 438 F.Supp.2d at 582 n.9 ("The duty of fair representation implicates section 9(a) of the [NLRA], 29 U.S.C. § 159(a),  which  states,  in  part:  Representatives  designated  or selected for the purposes of collective bargaining by the majority of the employees . . . shall be the exclusive representatives of all  the  employees  .  .  .  for  the  purposes  of  collective bargaining."). While the duty of fair representation arises from the NLRA, the hybrid § 301 action intertwines it with the LMRA. In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983), the United States Supreme Court clarified the structure of a hybrid § 301 action:

> Such a suit, as a formal matter, comprises two causes  of  action.   The  suit  against  the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement.  The suit against the union is one for  breach  of  the  union's  duty  of  fair representation,  which  is  implied  under  the scheme of the National Labor Relations Act.

*Id.* at 164 (footnote omitted).

10

### 3.   Defendants' Arguments

Defendants are correct that Plaintiff's claims are time-bound. (ECF Nos. 9-2, at 4-5; 8-1, at 19-20). The statute of limitations for both a breach of the duty of fair representation claim and a hybrid § 301 claim is six months. *See DelCostello*, 462 U.S. at 169-71. "The statute of limitations is an affirmative defense that typically must be raised in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal." *Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *see also Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Dismissal is proper, however, "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (citing *Richmond, F. & P. R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Plaintiff states that his complaints against the Union span his entire time at Imperial Bag. (*See* ECF No. 2, at 2 ("I was ignored some grievances never got brought up 2022 to present."), 3 ("Nothing, no meeting that was 2 year[s] plus ago.")). The grievances attached to his complaint date back to 2023. (*See* ECF No. 2-3, at 13). The face of the complaint shows that some of Plaintiff's LMRA claims are time-barred.

11

Plaintiff can only seek relief for Imperial Bag's alleged breaches of the CBA, and the Union's alleged breaches of the duty of fair representation, that took place in the six months leading up to his complaint: from March 17, 2025, to September 17, 2025. *See DelCostello*, 462 U.S. at 169-171 (holding that the six-month statute of limitations from the NLRA also applies to hybrid § 301/fair representation actions); *see also Marable v. D.P.I. Specialty Foods Mid Atl., Inc.*, No. 19-cv-2809-DKC, 2020 WL 4569522, at *3-6 (D.Md. Aug. 7, 2020) (applying the six-month statute of limitations to hybrid § 301 claim).  Reviewing the exhibits, there are four grievance forms dated within that time frame: one dated May 4, 2025, (ECF No. 2-3, at 16), one dated August 4, 2025, (*id*. at 17), one from an illegible date in August 2025, (*id*. at 18), and one from September 17, 2025, (*id*. at 19). Plaintiff's grievances from before that time are out of scope.

Even within this narrower time frame, Plaintiff's complaint is too conclusory plausibly to allege that the union breached its duty to him, dooming both claims.  A union breaches its duty of fair representation "if its conduct toward any of its members was 'arbitrary, discriminatory, or in bad faith.'"  *Jeffreys v. Commc'ns Workers of Am., AFL-CIO*, 354 F.3d 270, 274 (4th Cir. 2003) (quoting *Vaca*, 386 U.S. at 190).  While Plaintiff alleges generally that the union "did not come to [his] aid," (ECF No. 2, at 2), and

12

"swept [his grievance] under the rug," (*id*. at 3), these statements are too conclusory to support an inference that the union breached its duty of fair representation.  In further support of his claim, Plaintiff states:

> Defendant Union Local 639 breached its duty of fair representation by:
> -Ignoring Plaintiff's repeated complaints
> -Failing to investigate and file grievances
> -Acting in bad faith and ignoring its contractual and legal obligations
> -Allowing the employer's misconduct to continue unchecked

(ECF No. 2-1, at 2-3).  These statements are too conclusory to meet the requirements of Rule 8.  Plaintiff references many complaints about Imperial Bag throughout his complaint and includes several grievances as exhibits.  As noted above, four grievances are within the statute of limitations, but Plaintiff has not specified adequately how the Union handled each.  Plaintiff alleges that Union representatives met with him on September 17, 2025, and discussed at least some of his grievances, though not to his satisfaction.  (ECF No. 2-1, at 4 ("Meeting only consisting of bid and flex position not about harassment, and unfairness, and [misconduct]")).  He has not provided any information about whether he appealed any of his grievances through the Union process or attempted to do so.  While Plaintiff was dissatisfied with the outcome of the Union's process, he has not alleged facts demonstrating that the Union acted in a way that was arbitrary,

13

discriminatory, or in bad faith.  The facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679; *see also Uzoigwe v. Verizon Md. LLC*, No. 23-cv-02572-JRR, 2025 WL 1370662, at \*19 (D.Md. May 12, 2025) (finding the plaintiff failed to allege a breach of the union's duty of fair representation where allegations showed multiple conversations between plaintiff and the union, and union representation at meetings with his employer).  While Plaintiff attaches grievances filed over the years and nearly 100 pages of notes from prior interactions with Imperial Bag and the Union, the complaint does not reference these exhibits at all.  The court cannot sift through these pages to try to determine which facts are meant to support each allegation; copious exhibits cannot serve to counteract a conclusory, threadbare complaint.  Plaintiff has not plausibly alleged that the Union breached its duty of fair representation.  *See Franovich v. Hanson*, 687 F.Supp.3d 670, 689 (D.Md. 2023) (dismissing a count for failure to state a claim when supporting information was "almost entirely conclusory" and contained "no tangible facts to assist the court in determining whether the allegation is plausible").  Because he fails to allege a breach of the duty of fair representation, his claim against Imperial Bag for breach of the collective bargaining agreement necessarily fails too.

It is not clear, however, that Plaintiff *cannot* state a claim if given the opportunity to amend.  The court will grant the motion to dismiss as to the LMRA and NLRA claims but give Plaintiff an opportunity to seek leave to amend.  Plaintiff is reminded that any claim related to breaches by the Union or Imperial Bag can only be for actions from March 17, 2025, to September 17, 2025. Additionally, Plaintiff is welcome to include exhibits but is reminded that the complaint itself must include facts – not solely legal conclusions – that support the cause of action.

### B.    State Law Claims

The remaining claims are state law claims asserted against Imperial Bag.  (ECF No. 2-1, at 3).  While any state law claims that require interpretation of the CBA are preempted by the LMRA, Plaintiff cites to the Maryland Fair Employment Practices Act ("MFEPA") as the basis for his harassment and retaliation claims. (*Id*.).  Another court in this district previously explained why MFEPA claims are not preempted by the LMRA:

> As an initial matter, the rights asserted in these counts are not created by the CBA, but rather from state law prohibiting racial discrimination, harassment, and retaliation. Therefore, the claims are not preempted . . . [T]he claims arising under [MFEPA] are independent of the CBA. [ . . . ] Indeed, "§ 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law . . . it would be inconsistent with congressional intent under that section to

15

> preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." [*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985)]. Moreover, the Supreme Court emphasized in *Livadas* [*v. Bradshaw*,] 512 U.S. [107,] 123 [(1994)], that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."

*Alston v. Baltimore Gas & Elec. Co.*, No. 22-cv-1061-ELH, 2023 WL 1472020, at *15 (D.Md. Feb. 1, 2023). Because Plaintiff's harassment and retaliation claims arise under the MFEPA and do not require interpretation of the CBA, they are not preempted by the LMRA.

If all federal claims are dismissed, remand of the state claims may be the proper course. *Waybright v. Frederick County*, 528 F.3d 199, 209 (4th Cir. 2008) ("With all [the] federal questions gone, there may be the authority to keep [this case] in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."); 28 U.S.C. § 1367(c)(3). At this early juncture, Plaintiff's failure to allege a viable federal claim counsels against the exercise of supplemental jurisdiction over his remaining state claims in Count I. Before effectuating the remand, however, the court will provide Plaintiff twenty-one (21) days to file a motion for leave to file a robust amended complaint that asserts a valid federal claim. If Plaintiff opts not to amend within twenty-one days, then the court will issue an order

dismissing the federal LMRA and NLRA claims with prejudice. The court will then remand his remaining state claims but delay the remand for thirty days to give the parties an opportunity to move to stay the remand pending appeal. *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 81 (1st Cir. 2021) (explaining that when a district court decides to remand "in a removed case and the remand order is appealable, the district court may wish to avoid immediately certifying the remand order and returning the case file to the state court until it believes" the risk of needing to retrieve the state claims due to reversal on appeal "has abated"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009) (holding that a remand order is appealable if it is based on the court's decision to decline to exercise supplemental jurisdiction).

## IV.  Conclusion

For the foregoing reasons, Defendant Local 639 Union's motion to dismiss will be granted, and Defendant Imperial Bag's motion to dismiss will be granted in part and deferred in part. A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
